The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began working for defendant in the summer of 1994. The company manufactured structural steel for commercial building construction. His job involved loading trucks by using an overhead crane to take steel beams off of carts and to transport them to trucks. A cable box hung from the ceiling which had the controls for the crane. He would walk with it and use the buttons on it to operate the crane.
2. On December 29, 1994 plaintiff sustained a compensable injury at work when a steel beam weighing approximately 900 pounds fell, striking him on his left shoulder and leg and causing a serious fracture of his left femur. Dr. Rice saw him in the emergency room and then admitted him to the hospital for surgery to his thigh. A rod and screw were inserted into the bone in the operation in order to stabilize the fracture. Plaintiff was discharged from the hospital on January 2, 1995 and Dr. Rice then followed his recovery on an outpatient basis.
3. By February 17, 1995 the bone had healed sufficiently so that Dr. Rice sent plaintiff to physical therapy. During the next six weeks, plaintiff's range of motion and strength improved markedly. Consequently, on March 31 he was released to return to work at light duty with no kneeling, squatting or lifting of over ten pounds. On April 5 he called Dr. Rice's office and reported increased pain after working two hours, so Dr. Rice limited him to working two hours per day for one week and then four hours per day. Defendant provided work to him which involved sweeping, running blue prints and working with the walking crane. The tasks were all within his restrictions. However, he did not perform well at any of them. He did complain of some leg pain and would sit and rest frequently.
4. When Dr. Rice examined him on May 12, 1995, plaintiff had basically a normal gait although he continued to complain of some soreness. Dr. Rice then allowed him to work eight hours per day but kept the previous restrictions. For some unknown reason, plaintiff did not work 8 hours per day after that appointment. In any event, there was no medical reason for his reduced hours thereafter.
5. Defendant then offered plaintiff a position driving a forklift, a job which would have been a promotion for him. Dr. Rice approved of the position which was within the restrictions he had given. In order to be given the job, plaintiff had to pass a written test required by OSHA. He was shown a video and given a booklet to read which had the questions in the test and the answers to the questions printed in it. However, when he took the test on May 25, he failed it. The shop superintendent, Danny Bowers, gave him another opportunity to take the test. He reviewed the missed questions with plaintiff, discussed the correct answers and sent the booklet home with him to study. However, plaintiff did not read it and when he took the same test the next day, he again failed, missing most of the same questions he had missed the previous day.
6. At this point Mr. Bowers decided that plaintiff was not concerned about passing the test or about his employment. No one had ever failed the test before this occasion. Consequently, he terminated plaintiff on May 26, 1995.
7. On July 13, 1995 Dr. Rice evaluated plaintiff, found no significant problems and essentially full range of motion, and released him to do regular work without restrictions. However, except for a job with Hardee's that he held for about one month, he did not work between that date and the date of hearing on October 23, 1995. His failure to work during that time was not due to any disability arising from his injury.
8. Defendant admitted liability for benefits under the Workers' Compensation Act for plaintiff's December 29, 1994 injury by accident and paid compensation to him for an unknown period of time. A Form 21 agreement was executed by the parties and approved by the Industrial Commission which provided for payment of temporary total disability. There is conflicting evidence as to when plaintiff returned to work after his injury, but apparently he was working by April 5 when he called Dr. Rice's office, even though the records submitted did not reflect work before April 19. He was unable to earn wages equal to his formal average weekly wage from April 5 through May 12, 1995 as a result of this injury. However, since his employer had offered him suitable light duty and Dr. Rice released him for full-time work, he was able to earn his regular wages after May 12, 1995.
9. As of May 26, 1995 plaintiff refused suitable light duty work offered by his employer by refusing to try to pass the OSHA test to become a forklift driver. Although he did not have a high school education, he was capable of passing the test and simply made no effort to do so. Therefore, in a practical sense he refused suitable work without justification.
10. As of July 12, 1995 plaintiff was capable of performing his regular job duties.
11. As of the date of Dr. Rice's deposition, plaintiff had not reached maximum medical improvement. Consequently, no finding is made regarding the extent of permanent partial disability he may sustain as a result of this injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation for temporary total disability at the rate of $180.01 per week from December 30, 1994 until he returned to work on approximately April 5, 1995 subject to a credit for compensation previously paid. G.S. § 97-29; G.S. § 97-42.
2. Plaintiff is entitled to compensation for temporary partial disability at the rate of two thirds of the difference between his former average weekly wage of $270.00 and the weekly wages he earned from approximately April 5 through May 12, 1995, subject to a credit for compensation previously paid. G.S. § 97-30; G.S. § 97-42.
3. Plaintiff is not entitled to further compensation for temporary partial disability after May 12, 1995 in that defendant offered him suitable work, he was capable of working full-time and, after May 26, 1995, he refused suitable work without justification. G.S. § 97-30; G.S. § 97-32.
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. G.S. § 97-2(19); G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay compensation to plaintiff for temporary total disability at the rate of $180.01 per week from December 30, 1994 until he returned to work on approximately April 5, 1995 but subject to a credit for compensation previously paid. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay compensation to plaintiff for temporary partial disability at the rate of two thirds of the difference between his former average weekly wage of $270.00 and the weekly wages he earned from approximately April 5 through May 12, 1995, subject to a credit for compensation previously paid. This compensation has also accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
4. An attorney's fee in the amount of 25% of the net compensation awarded is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mrs. Yoder.
5. Defendants shall pay the costs.
FOR THE FULL COMMISSION
 S/ ___________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 9/25/96